**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| LARRY McKINNEY, JR., as personal representative of the Estate of Larry A. McKinney, Sr. and as trustee of the Larry A. McKinney, Sr. Living Trust dated October 5, 2017, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY PANICO, individually and as trustee of the PANICO FAMILY TRUST, VINCENT PALMIERI, PASQUALE PANICO, MICHAEL PANICO, ACV PROPERTIES, LLC, POST TIME SPORTS BAR AND GRILLE, LLC, AP CAPITAL MANAGEMENT, LLC, FPH MANAGEMENT, INC., FPH LLC, and PANICO PROPERTIES, LLC, <br><br> Defendants. | Case No. 1:21-cv-4602 <br> Hon. Andrea R. Wood |

**PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES**
**AND FOR DISCOVERY SANCTIONS**

I.     **Introduction**

Plaintiff brings this motion to compel interrogatory responses that were due over three months ago and pertain to the key defense in this case and to obtain relief for Defendants' extreme and unjustified delinquency in responding.

Defendants have variously contended that the $25 million Larry McKinney provided to Anthony Panico and his nominees, or at least some of it, were not investments but rather were "loans." Thus, in January 2023, Plaintiff served a Supplemental Interrogatory on the Panico Defendants asking them to identify which payments were loans, the date and terms of those loans, the remaining balance of the loans, and which persons or entities are obligors. (Ex. A.) Defendants

1

have agreed to respond to the Supplemental Interrogatory and have identified several dates on which they would do so, but in each instance the deadline has come and gone with no response by Defendants whatsoever. Moreover, Defendants have ignored Plaintiff's attempts to obtain answers to the Interrogatory.

Unfortunately, this is emblematic of Defendants' approach to discovery in this case. They have done the bare minimum at all turns, failed to comply with multiple court-imposed deadlines (including the Court's May 12, 2023 order), and treated their discovery obligations as optional, even after explicit orders from the Court. Defendants should be ordered to respond fully to the Supplemental Interrogatory by June 5, 2023. But simply responding is not enough—that is what Defendants should have done in February. Thus, in addition, this Court should impose a sanction of $250 per day for each day the responses to the Supplemental Interrogatory were overdue.

## II.    Factual Background

Defendants have violated at least seven discovery orders in this case. This motion involves an egregious example—the complete failure to respond to a Supplemental Interrogatory on the key defense in the case—but unfortunately it is not an isolated incident.[1]

Defendants' discovery in this case began with their ignoring entirely the deadlines imposed by the Court to produce documents and respond to Plaintiff's First Set of Interrogatories. In their Joint Status Report dated August 31, 2022, the parties agreed to a deadline of October 17, 2022 to produce all documents and a deadline of October 31, 2022 to respond to Interrogatories. (Dkt. 76.) The Court entered those deadlines by minute order (Dkt. 77), and they passed without Defendants having provided any discovery whatsoever.

---

[1] Plaintiff has limited this motion to just the failure to respond to the Supplemental Interrogatories because of their importance to this case but reserves his right to raise and obtain relief for any of the other discovery violations at the appropriate time.

At the November 1, 2022 status conference, the Court granted Defendants a one-time extension of time to respond to the initial discovery requests (plus a Second Set of Interrogatories) due to difficulties Defendants claimed to have in communicating with Panico while he was imprisoned. At Defendants' request, the Court extended the deadline for their interrogatory responses until November 30, 2022. In so doing, the Court stated, "Don't make me regret doing that . . . . If this becomes a pattern of not meeting the deadlines, I'll address it differently." (Ex. B at 9:2–3.)

Unfortunately, but not surprisingly, Defendants did not comply with that deadline. Instead, on December 9, 2022, they belatedly moved for an extension of time (Dkt. 94), which Plaintiff opposed (Dkt. 95). During the pendency of the motion for extension of time, Defendants finally responded to the interrogatories on January 10, 2023, albeit with extensive objections which the Court ultimately overruled.

At the same time, Defendants' document production was woefully incomplete. They had produced just 400 documents, devoid of any meaningful production of financial records and containing no emails, texts, or other communications whatsoever. Those deficiencies have been addressed in numerous Joint Status Reports, motions, and discovery conferences, including the May 12, 2023 discovery conference, and many remain. As of the filing of this Motion, however, Defendants still have not fully complied with the financial production ordered by the Court (Dkt. 116) and have refused to pay Clark Hill so that the 500,000 pages of documents produced to the Government (including all the key emails in the case), and the documents provided by the Government to defense counsel have all been unavailable to Plaintiff.

With respect to the Supplemental Interrogatory at issue in this Motion, Defendants' conduct is even more blatant. Plaintiff served the Supplemental Interrogatory on January 16, 2023.

(Ex. A.) On February 14, 2023, two days before Defendants' responses were due, counsel emailed, "we've been working our way through the answer to your Supplemental Interrogatory. We're requesting an additional seven days to answer the Supplemental Interrogatory. Please let us know if you have an objection." (Ex. C.) Undersigned counsel responded, "that's fine as long as that date (the 22nd) sticks and we get substantive responses and not just objections." (*Id.*) Defense counsel assured, "Yes, the Feb. 22 date will stand and you will get substantive responses. We are not objecting." (*Id.*)

Defendants did not respond on February 22 or at any other time and have not sought any extension of time to respond. Plaintiff's counsel spent the next several months trying to obtain basic documents from Defendants, including the documents produced to the Government, which have been subject to pending motions that await ruling. Counsel also inquired about Defendants' responses to the Supplemental Interrogatory. By email dated May 4, 2023, defense counsel acknowledged the responses were overdue and promised they would be provided by May 18, 2023. (*Id.*) When that date passed without response, counsel inquired whether Plaintiff would need to file a motion to compel to obtain responses but heard nothing back. (*Id.*)

**III.    Argument**

There can be no dispute that Defendants need to provide substantive responses to the Supplemental Interrogatory. They have agreed it is not objectionable (and have not made any objections in any event) and have promised to provide substantive responses. Defendants have used the pendency of other discovery disputes to try and let this one slide, but their truancy should not be countenanced. Defendants should be ordered to provide complete and full responses to the Supplemental Interrogatory by June 5, 2023.

Moreover, Plaintiff has been prejudiced by Defendants' delay because the Supplemental Interrogatory goes to heart of the case—the nature of McKinney's payments to Panico and the Defendants' obligation to return the money. Plaintiff has alleged, and the evidence supports, that McKinney provided the funds to be invested in specified real estate projects and on the condition that Panico would also be investing his own funds in the projects. That is all shown by the memo lines on many of the checks, which reference the projects by name, the FDS partnership document that references both Panico's investment obligation and McKinney's investments, and emails and materials provided by Defendants to McKinney about the projects. Defendants' fraud, then, is established by the fact that Panico did not invest his own funds in the projects (which he has already admitted in this case) and did not use McKinney's money for the projects but instead diverted it for his personal use (which Defendants are still attempting to conceal by not producing full financial records but is fairly indisputable).

Defendants' attempt to justify their theft is based in large part on their assertion that McKinney's provision of funds were "loans" and not "investments." Defendants first raised this belated excuse in April 2019, after McKinney was on to their scheme. (Am. Cmplt. ¶ 103, Dkt. 82.) And their pleadings in this case have hinted at the same position but have provided no details. The defense is nebulous to say the least. If the payments were to be used for the projects, then it matters little whether they were "investments" or "loans." And even if they were loans for use for any purpose (they were not), the fundamental nature of a loan is that it needs to be repaid.

In any event, the starting point is for Defendants to identify the details of their position in the first place—which payments were loans, what are the terms of the loans, what is the balance of any loans, and who are the obligors? This is the basic information sought in the Supplemental Interrogatory. It is understandable why Defendants do not want to answer these questions, as it is

difficult to imagine how the answers could absolve them of any responsibility to pay back the money they obtained. But this is a basic discovery obligation, and one they cannot avoid.

Merely answering the Supplemental Interrogatory is not enough. That is what Defendants should have done in February. Answering late truncates the time Plaintiff can process the response, seek any additional discovery that may be needed, and prepare both his affirmative case and his response to Defendants' statute of limitations defense. And even more importantly, giving Defendants a free pass to ignore discovery obligations for months would serve only to reward their delinquency.

Indeed, the same conduct is continuing and threatens to continue unless addressed by the Court. On May 12, 2023, the Court entered an order requiring Defendants to produce certain banking and financial records and identify all bank accounts by May 26. (Dkt. 116.) Defendants provided certain (but not complete) information for one entity, but provided no information for other entities, and did not identify any of the bank accounts as required by the order. Plaintiff will attempt to address those deficiencies with Defendants without the need of further motion practice, but they support the need for sanctions here.

Discovery sanctions are available both for punitive and deterrence purposes, and both purposes would be served by an award of sanctions here. *See Charter House Ins. Brokers. Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 604 (7th Cir. 1981) (where a party fails to answer interrogatories, "the court may impose sanctions directly, without first issuing an order to compel discovery"); Fed. R. Civ. P. 37(d)(1)(A)(ii); *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming dismissal as sanction for failure to answer interrogatories, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a

deterrent"). An appropriate sanction is for Defendants to pay a penalty of $250 for each day their responses were late. *See V.I.M. Recyclers v. Magner*, 2004 WL 906313, at *1 (N.D. Ill. Apr. 27, 2004) (imposing sanction of $1000 and $100 per day for failure to answer interrogatories and request for production); *Int'l Ins. Co. v. Caja Nacional de Ahorro y Seguro*, 2004 WL 555618, at *1 (N.D. Ill. Mar. 18, 2004) (awarding sanctions of $2,000 per day for failure to provide requested discovery materials); *Peermusic III, Ltd. v. LiveUniverse, Inc.*, 2011 WL 2358549, at *2 (C.D. Cal. May 24, 2011) (court imposed sanction of $250 per day until supplemental discovery responses were served). Thus, Plaintiff respectfully requests that the Court additionally order Defendants to pay a penalty of $25,750 (103 days between February 22 and June 5 x $250).

May 30, 2023                                  Respectfully submitted,

                                              By: /s/ Jeff Eberhard
                                              Chris Gair (ARDC No. 6190781)
                                              Jeff Eberhard (ARDC No. 6276471)
                                              Blake Edwards (ARDC No. 6326850)
                                              Gair Eberhard Nelson Dedinas Ltd.
                                              1 E. Wacker Dr., Suite 2600
                                              Chicago, IL 60601
                                              (312) 600-4900
                                              cgair@gairlawgroup.com
                                              jeberhard@gairlawgroup.com
                                              bedwards@gairlawgroup.com

                                              *Attorneys for Plaintiff Larry McKinney, Jr., as personal representative of the Estate of Larry A. McKinney, Sr. and as trustee of the Larry A. McKinney, Sr. Living Trust dated October 5, 2017*

7