**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| LARRY A. McKINNEY, JR., as Personal Representative of the Estate of Larry A. McKinney, Sr. and as Trustee of the Larry A. McKinney, Sr. Living Trust Dated October 5, 2017,<br><br>        Plaintiff,<br><br>  v.<br><br>ANTHONY PANICO, individually and as trustee of the Dominic Alphonse Panico Trust Dated February 15, 2016, the Matea Ann Panico Trust Dated February 15, 2016, the Michael Anthony Panico Trust Dated February 15, 2016, the Pasquale Anthony Panico Trust Dated February 15, 2016, and the Santino Joseph Panico Trust Dated February 15, 2016; VINCENT PALMIERI; ACV PROPERTIES, LLC; ADESSO INVESTMENTS, LLC; AP CAPITAL MANAGEMENT, LLC; FPH LLC; FPH MANAGEMENT, INC.; PANICO PROPERTIES, LLC; and POST TIME SPORTS BAR AND GRILLE, LLC;<br><br>        Defendants. | Case No. 1:21-cv-4602<br><br>Hon. Andrea R. Wood |

**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Plaintiff Larry A. McKinney, Jr., as Personal Representative of the Estate of Larry A. McKinney, Sr. and as Trustee of the Larry A. McKinney, Sr. Living Trust Dated October 5, 2017, by his undersigned attorneys, respectfully moves for leave to supplement the record. In support thereof, he states as follows:

1.     Defendants moved for summary judgment in this matter on July 7 & 9, 2025. Plaintiff responded to Defendants' motions and related filings on December 15, 2025. Defendants replied on March 6, 2026.

1

2. Plaintiff cited the expert reports of Lynsey N. Honegger ("Plaintiff's Expert Reports") in his summary judgment response filings. (*See* Dkt. 218-1; 218-15.)

3. In their Response to Plaintiff's Statement of Additional Facts, the Panico Defendants argue Plaintiff's Expert Reports are inadmissible hearsay.

4. Under Fed. R. Civ. P. 56(c)(2), at the summary judgment stage, evidence need not be admissible in form so long as it is admissible in content. Moreover, courts have "wide discretion in deciding whether to admit expert testimony as part of summary judgment." *Bellas v. Orthofix, Inc.*, 2017 WL 621769, *2 (N.D. Ill. Feb. 15, 2017). However, out of an abundance of caution, Plaintiff seeks to supplement the record with the attached Declaration of Lynsey Honegger (Exhibit 1), wherein Ms. Honegger adopts the facts, conclusions, and opinions stated in her reports under penalty of perjury. *See Hassett v. United Airlines, Inc.* 2025 WL 3268667, *4 (N.D. Ill. Nov. 24, 2025) (Holding that the Court could consider expert report at summary judgment stage, particularly in view of subsequently filed declaration of expert), *Allen v. Benton*, 2022 WL 18147674, *4 (N.D. Ill. Feb. 25, 2022) (Holding that subsequently filed declaration by expert "cure[d]" unsworn expert report for purposes of Local Rule 56.1(d)(2)), *Bellas*, 2017 WL 621769, *2. (Court could consider unsworn expert report supported by a subsequently filed declaration at summary judgment stage.).

5. Defendants will not be prejudiced by allowing Plaintiff to supplement the record. Initially, neither Defendant Palmieri nor Defendant Post Time objected to the reports. And, while the Panico Defendants allege that the reports are hearsay, they do not argue that the reports "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Indeed, given that Ms. Honegger testified consistent with her report during her 2024 deposition, Defendants are undoubtedly aware that her reports *can* be "presented in a form that would be admissible in evidence." *Id.*, *see also Hassett*, 2025 WL 3268667, *4 ("[A] court may consider

2

evidence that is "admissible in content [if] a change in form ..., for example a substitution of oral testimony for a summary of that testimony in an [inadmissible form], would make the evidence admissible at trial.").

6. Aside from the Panico Defendants' hearsay argument, no defendants raise any other objection to the Court's consideration of the report in ruling on Defendants' summary judgment motions. Moreover, Defendants do not argue that the facts, conclusions, and opinions stated in the reports would be inadmissible at trial.

7. Defendants' Rebuttal Expert Report, which is cited in Defendant Post Time's reply, is also unsworn. Plaintiff has no objection if Defendants wish to supplement the record with a declaration from their expert.

WHEREFORE, Plaintiff requests that the Court grant this motion and enter an Order permitting Plaintiff to supplement the record with the attached declaration.

/s/ Lisa Wood

_____
Chris Gair (ARDC No. 6190781)
Jeff Eberhard (ARDC No. 6276471)
Lisa Wood (ARDC No. 6304324)
Blake Edwards (ARDC No. 6326850)
Gair Gallo Eberhard LLP
1 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 600-4900
cgair@gairgallo.com
jeberhard@gairgallo.com
lwood@gairgallo.com
bedwards@gairgallo.com

*Attorneys for Plaintiff Larry A. McKinney, Jr., as personal representative of the Estate of Larry A. McKinney, Sr. and as trustee of the Larry A. McKinney, Sr. Living Trust dated October 5, 2017*